(92 Misc. Rep. 355)

### MORTON v. BROADWAY CLAREMONT CO., Inc.

(City Court of New York, Trial Term. November, 1915.)

MASTER AND SERVANT ⚖➡40—WRONGFUL DISCHARGE OF EMPLOYÉ—ACTION FOR DAMAGES—EVIDENCE OF INDEMNITY.

   Where, in an action for the wrongful discharge of an employé before expiration of the year for which he was employed under an oral contract, defendant, which had succeeded to the business of the original employer, contended that the employment was at will, evidence that defendant had been indemnified on acquiring the business against any loss which might be sustained by it from discharging plaintiff was properly admitted.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 47–49; Dec. Dig. ⚖➡40.]

Action by Henry B. Morton against the Broadway Claremont Company, Incorporated. Motion to set aside verdict for plaintiff. Motion denied.

J. B. Engel, of New York City, for plaintiff.
Abraham J. Bernstein, of New York City, for defendant.

ALLEN, J. This action was brought to recover damages for the alleged wrongful discharge of the plaintiff from the position of manager of its restaurant business prior to the expiration of the period for which he claimed to have been hired under an oral contract for one year. Intermediate his hiring and his discharge the capital stock of the corporation was acquired by new parties, who assumed control of its affairs and, upon doing so, discharged the plaintiff. The jury has returned a verdict for the plaintiff. The defendant moves to set aside and urges, as the sole ground therefor, that it was improperly prejudiced by an inquiry as to whether it had been indemnified by the outgoing management against any loss which it might sustain in consequence of the discharge of the plaintiff.

Upon the trial the defendant called the witness Wood, who was one of the old management and was president of the defendant at the time the plaintiff was hired and was the person through whom the plaintiff was hired. Wood denied having hired the plaintiff for any definite period. Upon the direct examination of Wood the defendant's counsel elicited from him testimony to the effect that he was not at the time of the trial interested in the defendant directly or in-

directly, as a stockholder or otherwise. Upon cross-examination, he said that he had no interest whatever in the action. The plaintiff's counsel then asked him, in substance, whether he had not, in transferring his interest to the new management, given a bond to protect the latter against any claim the plaintiff might establish because of his premature discharge; and Wood said that he had not. He further said that Mayer, another one of the old management, might have given such a bond but that he did not know whether such a bond had been given. The defendant also called the witness Bernstein, the vice president of the defendant under the new régime and its attorney of record in this action, who said that, in taking over the corporation, he had no fear of any claim the plaintiff might assert in case he should be discharged by the new management. He was asked, upon cross-examination, whether he had not gotten security to protect the defendant against the plaintiff's claim. Objection was made to the question, and it was sustained. Thereupon the defendant moved to withdraw a juror because of the said inquiry respecting indemnity; and the motion was denied, to which it excepted.

I think that the testimony given respecting indemnity was proper, and that, if any error were committed, it consisted in not requiring Bernstein to state whether any security had been given, rather than in taking the testimony which was given upon the subject. If this testimony had related only to the question of who would ultimately be called upon to pay any amount which might be recovered by the plaintiff, it would, of course, have been immaterial, and the inquiry would have been fatal to the plaintiff's recovery. Loughlin v. Brassil, 187 N. Y. 128, 79 N. E. 854; Simpson v. Foundation Co., 201 N. Y. 479, 95 N. E. 10, Ann. Cas. 1912B, 321; Akin v. Lee, 206 N. Y. 20, 99 N. E. 85, Ann. Cas. 1914A, 947. But that was neither its purpose nor its fair intendment. Consequently, I do not think that the authorities asserting the familiar rule which is applied in cases brought to recover damages for negligence, wherein the question of indemnity usually arises, are applicable to the situation here presented. Counsel frankly concede that they do not know of an instance where the question has arisen in an action upon contract. But I do not know of any reason why contracts of indemnity should be shrouded in a secrecy and sanctity not accorded to other contracts nor why any interest arising therefrom may not, when proper occasion therefor is presented, be shown as well as interest arising from other transactions. Even in negligence cases, if an official of the casualty company involved should take the stand and testify in the rôle of a disinterested witness to a material fact damaging to the plaintiff, I cannot conceive of any court holding that the plaintiff would be precluded from showing, as affecting his credibility and interest, that his company would have to pay any judgment which might be recovered. To apply the rule observed, for the special reasons there obtaining, in negligence cases to the situation here presented, would, in my opinion, be entirely unreasonable and as unjust as unreasonable.

It is to be observed that Wood had directly contradicted the plaintiff's testimony as to the period of hiring and that he had been pre-

sented by the defendant as a disinterested witness. If his testimony were believed, the plaintiff could not recover. The plaintiff was, of course, an interested witness. It therefore became highly important and perfectly proper for the plaintiff, if he could, to show that Wood was interested, rather than disinterested, in the outcome of the action. He would have succeeded in this had he been able to show that Wood had indemnified the defendant against any recovery which the plaintiff might make for his discharge. The defendant tendered the issue as to Wood's interest or lack of interest, and I do not think that it should be heard to complain of consequences which it should have reasonably anticipated would result from its own deliberate act.

Furthermore, I think that the testimony elicited from Wood was, and, upon further reflection, that the testimony sought to be elicited from Bernstein would have been, proper upon another ground. The plaintiff asserted a hiring for a year, and the defendant claimed the hiring was only at will. If it could have been shown that the persons constituting the old management and through whom the hiring was effected had, in connection with the transfer of their interest in the corporation, agreed to indemnify the corporation or the persons constituting the new management against any claim the plaintiff might make in case he should be discharged by the new management, that would have had an important bearing, which might properly have been considered by the jury, upon the question of whether the plaintiff had been hired for a year or at will. If he were hired for a year, there was occasion for the new management asking and for the old management, if it saw fit, giving indemnity. If he were hired merely at will there was not. The evidence being silent upon the subject, I think it may be fairly inferred that such knowledge, if any, as the new management may have had that the plaintiff was hired for a year or respecting his contention to that effect, was acquired from the old. Consequently, if the matter were deemed of sufficient importance for the new management to exact and the old management to give security against his claim, I think that that was a matter which the jury might properly have considered, not, of course, as bearing upon who would pay any recovery which might be awarded, but as bearing upon the controverted question whether the hiring had been for a year or only at will.

Out of these considerations the motion to set aside the verdict is denied.

Motion denied.